*898
 
 NORTHCUTT, Judge.
 

 S.G., a child, was found to be in indirect criminal contempt of a truancy order and sentenced to five days of secure detention in the Southwest Florida Juvenile Detention Center. He filed a petition for writ of habeas corpus, asserting that a sentence to secure detention in a case such as his is illegal. S.G. has since been released. However, we decline to dismiss the petition as moot because the issue presented is capable of repetition yet evading review.
 
 See K.E. v. Dep’t of Juvenile Justice,
 
 963 So.2d 864, 866 (Fla. 1st DCA 2007).
 

 A delinquent child who has been held in indirect criminal contempt may be placed in a secure detention facility for five days for a first offense or for fifteen days for a second or subsequent offense. § 984.09(2)(a), Fla. Stat. (2011). A child who violates a truancy order, however, is not a delinquent child. Rather, a child who is found by the circuit court to have been habitually truant from school is deemed to be a “[cjhild in need of services.” § 984.03(9)(b), Fla. Stat. (2011). As such, his subsequent violation of the truancy order is expressly excluded from the delinquency definition set forth in section 985.03(8), Florida Statutes (2011), which provides:
 

 “Child who has been found to have committed a delinquent act” means a child who, under this chapter, is found by a court to have committed a violation of law or to be in direct or indirect contempt of court,
 
 except that this definition does not include an act constituting contempt of court arising out of a dependency proceeding or a proceeding concerning a child or family in need of services.
 

 (Emphasis added.)
 

 To be sure, truancy orders are enforceable by contempt. § 984.151(9). But whereas a delinquent contemnor may be punished by placement in secure detention, a child in need of services who commits a contempt of court may be placed in “a staff-secure shelter or a staff-secure residential facility solely for children in need of services,” or if no such placement is available, in “an appropriate mental health facility or substance abuse facility for assessment.” § 984.09(2)(b).
 

 The circuit court was not authorized to place S.G. in secure detention for violating its truancy order, and the detention was illegal. Accordingly, we grant the petition for writ of habeas corpus.
 

 LaROSE and MORRIS, JJ„ Concur.